UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

THOMAS HOWARD,

                            Petitioner,

     - vs -                                     9:06-CV-0982
                                                    (DNH)(GHL)

RICHARD POTTER, Acting Superintendent,

                            Respondent.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:                               OF COUNSEL:

THOMAS HOWARD
01-A-6744
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821
Petitioner, *pro se*

HON. ANDREW M. CUOMO                 THOMAS B. LITSKY, Esq.
New York State Attorney General          Assistant Attorney General
Attorneys for Respondent
120 Broadway
New York, New York 10271

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I. Background**

      Petitioner Thomas Howard filed a Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction rendered in Albany County Court on December 12, 2001, wherein after a jury trial, petitioner was found guilty of Sodomy in the First Degree; two counts of Sodomy in the Second Degree; Attempted Sodomy in the First Degree; four counts of Sexual Abuse in the First Degree; and five counts of

Case 9:06-cv-00982-GTS-GHL   Document 19   Filed 02/20/08   Page 2 of 8

Endangering the Welfare of a Minor. Dkt. No. 1 at 1. Petitioner was sentenced to a term of forty years imprisonment. *Id.* The Appellate Division, Third Department, affirmed the convictions, and on August 30, 2005, the Court of Appeals denied petitioner leave to appeal. *Id*. at 2. After filing his Petition, petitioner filed a motion to stay this proceeding in order to exhaust his available state court remedies with respect to his ineffective assistance of appellate counsel claims by filing a writ of error *coram nobis* in state court. Dkt. No. 4. By Order of this Court filed December 14, 2006, petitioner's request for a stay was granted. Dkt. No. 5. The December 14, 2006, Order set forth specific deadlines for petitioner to follow when filing his state court challenge and in reporting back to the Court. *Id*.

Petitioner filed an application for a writ of error *coram nobis* with the Appellate Division, Third Department, which was denied on March 29, 2007. Dkt. No. 8 at 2. On September 17, 2007, petitioner filed a status report with this Court advising that on August 30, 2007 the New York State Court of Appeals denied him leave to appeal from the denial of his application for a writ of error *coram nobis*. Dkt. No. 12 at 4. At the same time, petitioner requested a second stay so he could exhaust further claims relating to ineffective assistance of trial counsel and a defective grand jury charge. Dkt. No. 13.

Since review of petitioner's application for a writ of error *coram nobis* in state court was complete, by Order of this Court filed on November 30, 2007, the stay previously granted in this matter was lifted and the Clerk was directed to serve the Petition. Dkt. No. 14. The November 30, 2007 Order also denied Petitioner's request for a second stay with prejudice as to the grand jury claims, and without prejudice to renew as

to the ineffective assistance of trial counsel claims upon a showing of merit and good cause. *Id*. Finally, the Court advised petitioner that, to the extent that he wished this Court to address the newly exhausted ineffective assistance of appellate counsel claims that he raised in his *coram nobis* application in state court, he must file a motion to amend his petition to set forth the additional, newly exhausted claims[1] within thirty days of the filing date of the November 30, 2007 Order. *Id*.

Currently before the Court are petitioner's motion to amend his Petition and a renewed motion for a second stay.

## II. Discussion

### A. Motion to Amend

Local Rule 7.1(a)(4) of the Local Rules of Practice of this District provides, in pertinent part:

> An unsigned copy of the proposed amended pleading must be attached to a motion brought under Fed. R. Civ. P. 14, 15, 19-22. Except as provided by leave of court, **the proposed amended pleading must be a complete pleading which will supersede the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.**

*Id.* (emphasis added).[2]

One of the purposes of the requirement that motions to amend be accompanied by a **complete** copy of the proposed amended pleading is to ensure that all of the allegations asserted against the opposing party are contained in a single document,

---

[1] The original Petition does not include any claims regarding ineffective assistance of appellate counsel.

[2] The Federal Rules of Civil Procedure, to the extent not inconsistent with the Rules Governing 2254 Proceedings, are applicable to habeas petitions. See Rule 11 of the Rules Governing 2254 Proceedings.

3

thereby reducing the likelihood that a party will overlook one or more allegations against him. Moreover, this requirement eliminates the confusing nature of "piecemeal" amended pleadings. *See Donato v. Senkowski*, No. 97-CV-0606, 2000 WL 33743377, at *1 (N.D.N.Y. Oct. 31, 2000) (citing *Rodriguez v. Tedford*, No. 95-CV-745, slip op. at 2 (N.D.N.Y. Nov. 7, 1995)).

Petitioner has not provided a complete proposed amended petition along with his motion. Dkt. No. 15. Instead, Petitioner seeks to amend his Petition "by adding thereto the following additional point: POINT 4: Ineffective Assistants [*sic*] of Appellate Counsel." *Id*. at 1. Petitioner asks that "the above mentioned point (4) will or should be inserted directly after point 3."[3] *Id*.

Moreover, the proposed amended petition also does not comply with Rule 2 of the Rules Governing Habeas Corpus Proceedings which provides that a habeas petition must "specify all the grounds for relief available to the petitioner" and "**state the facts supporting each ground**." (emphasis added). Petitioner has failed to comply with Rule 2 because he has failed to set forth **in summary form** the facts supporting his ineffective assistance of appellate counsel claim.[4]

Since petitioner's proposed amended petition is not a complete pleading and fails to set forth the facts supporting his ineffective assistance of appellate counsel claim, his motion to amend is denied without prejudice to petitioner filing a new motion to amend within thirty days of the filing date of this Order. **Any new motion to amend must**

---

[3] The Court notes that the original Petition contains only two points, not three. *See* Dkt. No. 1.

[4] He has also failed to set forth all of the grounds for relief in a single petition.

**include a complete proposed amended petition as discussed above**.  Petitioner is advised that the renewed motion must comply with the terms of this Order, and the Federal and Local Rules of Civil Procedure, including Local Rule 7.1.  The motion shall also comply with Rule 2 of the Rules Governing 2254 Proceedings.

### B. Motion to Stay

In support of his renewed request for a stay, petitioner states that he wishes to return to state court to file a motion to vacate the judgment of conviction pursuant to Section 440.10 of New York's Criminal Procedure Law ("CPL") so that he can challenge the effectiveness of his trial counsel.  Dkt. No. 16 at 6.  Petitioner argues that "his claim for ineffective assistance of 'trial' counsel indeed has merit."  *Id*. at 1.  Petitioner outlines the facts underlying his ineffective assistance of trial counsel claims.  *Id*. at 2-6.

Petitioner's first stay was granted in accordance with the Second Circuit Court of Appeals decision in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), which provided that a federal habeas court may stay further proceedings on the exhausted claims of a petition and hold them in abeyance while he returns to state court to exhaust his unexhausted claims.  In 2005, the United States Supreme Court approved the stay and abeyance procedure, but with limitations.  *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005).  Specifically, the Supreme Court stated that stays should only be granted if the petitioner can show "good cause" for failing to exhaust all available state court remedies earlier and can also show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.  The *Rhines* Court stated that:

> stay and abeyance should be available only in limited circumstances.
> Because granting a stay effectively excuses a petitioner's failure to present

5

> his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277. The *Rhines* court also stated that if a petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 544 U.S. at 278.

To date, the Second Circuit Court of Appeals has provided little guidance on what constitutes good cause for failure to exhaust state court remedies.

> "[T]he majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips,* No. 04-CV-1157 (SLT), 2006 W L 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default ..., the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo,* 2006 WL 297462, at * 6 (citation omitted).

*Otra v. Rivera,* No. 05-CV-645S, 2006 WL 2711462, *2 (W.D.N.Y. Sep. 20, 2006).

Petitioner's request for a stay does not demonstrate "good cause" for his failure to exhaust his available ineffective assistance of trial counsel claims earlier. He offers no explanation or cause whatsoever as to why he did not previously exhaust the claims he now seeks to exhaust. This failure to allege "good cause" is especially troubling given the fact that: (1) petitioner waited more than a year after filing his federal habeas petition, and almost a year after he requested his first stay, before he requested a stay on these grounds; and (2) petitioner did not raise ineffective assistance of trial counsel claims in his

6

prior stay request even though he knew that those claims existed.[5] *See Rhines*, 544 U.S. at 278 (if petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all").[6]

THEREFORE, it is

ORDERED, that

1. Petitioner's motion to amend (Dkt. No. 15) is DENIED without prejudice. To the extent that petitioner wishes this Court to consider the ineffective assistance of appellate counsel claims, he must, **within thirty (30) days of the filing date of this Order**, file a new motion to amend, which must include a **complete** proposed amended petition, as discussed above. The Clerk is directed to send Petitioner a copy of his original Petition for his use in preparing the proposed amended petition;

2. Petitioner's renewed request for a second stay of this action to exhaust ineffective assistance of trial counsel claims (Dkt. No. 16) is DENIED;

3. Respondent shall file and serve an answer or other pleading to the Petition within forty-five days of the filing date of this Order;

4. Upon the filing of such answer or other pleading, the Clerk is directed to forward the entire file on this matter to the Court; and

---

[5] In his original request to stay, which was filed on October 19, 2006, petitioner outlined what he deemed to be several mistakes made by his trial counsel, yet petitioner did not seek a stay to exhaust those claims at that time. *See* Dkt. No. 4. He only asked for a stay to exhaust his ineffective assistance of appellate counsel claims. *Id*.

[6] To the extent that petitioner is attempting to exhaust new claims not contained in the original petition, he would have to demonstrate that the new claims are timely under 28 U.S.C. § 2244(d)(1); or that they relate back to the original claims pursuant to Rule 15(e) of the Federal Rules of Civil Procedure; *see also Rhines*, 544 U.S. at 277 ("Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA.").

**5.** The Clerk shall serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: February 20, 2008
       Utica, New York.

_____
United States District Judge