UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS HOWARD,

Petitioner,

v.

9:06-CV-0982
(GTS/GHL)

RICHARD POTTER, Acting Superintendent,
Great Meadow Correctional Facility,

Respondent.

---

APPEARANCES: OF COUNSEL:

THOMAS HOWARD, 01-A-6744
Petitioner, *Pro Se*
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821-0051

HON. ANDREW M. CUOMO
Attorney General for the State of New York
Counsel for Respondent
120 Broadway
New York, New York 10271

THOMAS B. LITSKY, ESQ.
Assistant Attorney General

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Thomas Howard ("Petitioner") filed his Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on August 14, 2006. (Dkt. No. 1.) On June 2, 2008, Petitioner filed an Amended Petition. (Dkt. No. 24.) By Report-Recommendation dated August 31, 2009, the Honorable George H. Lowe, United States Magistrate Judge, recommended that the Amended Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 38.) On September 3, 3009, Great Meadow Correctional Facility Acting Superintendent Richard

Potter ("Respondent") submitted a letter brief seeking adoption of the Report-Recommendation. (Dkt. No. 39.) On September 18, 2009, Petitioner filed his Objections to the Report-Recommendation. (Dkt. No. 40.) For the reasons discussed below, Petitioner's Objections are rejected; Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety; Petitioner's Amended Petition is denied and dismissed in its entirety; and a certificate of appealability shall not issue.

## I. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the

---

[1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the

Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's Amended Petition

Magistrate Judge Lowe correctly recites the legal standard governing review of Petitioner's amended *habeas corpus* petition. (Report-Recommendation at Part II.A., attached at Dkt. No. 38, at 5-7.) As a result, this standard is incorporated by reference in this Decision and Order.

## II. DISCUSSION

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2001 conviction for sodomy, attempted sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, but will simply refer the parties to the relevant portions of Magistrate Judge Lowe's Report-Recommendation, which accurately recites that factual background. (Report-Recommendation at Part I, attached at Dkt. No. 38, at 1-5.)

In his Amended Petition and Traverse, Petitioner claims that his conviction was improper for the following three reasons: (1) the evidence at trial was insufficient to support his conviction; (2) the prosecutor improperly introduced evidence at trial of Petitioner's prior bad acts; and (3) appellate counsel was ineffective because he failed to bring attention to trial

---

constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

counsel's omission of an element in the jury charge. (Dkt. Nos. 24, 36.)

In his Report-Recommendation, Magistrate Judge Lowe recommends dismissal of Petitioner's first claim because (1) the evidence presented at trial would allow a trier a fact to find, beyond a reasonable doubt, that Petitioner was guilty of the charges presented, and (2) the Appellate Division did not act contrary to or unreasonably apply Supreme Court precedent in rejecting Petitioner's claim. (Report-Recommendation at Part II.B, attached at Dkt. No. 38, at 7-11.)

Magistrate Judge Lowe recommends dismissal of Petitioner's second claim because (1) Petitioner's admissible prior bad act was never discussed by the witness against whom the prior bad act was committed, (2) the Appellate Division's rejection of Petitioner's claim based on its finding that "The People did not . . . elicit [the prior bad acts] during the direct examination of the victim or at any time during the trial," is not contrary to or an unreasonable application of Supreme Court precedent, (3) Petitioner failed to exhaust his remedies with regard to his claim that evidence regarding "other bad acts/uncharged crime(s)" was improperly introduced at trial through the testimony of Detective Farrell, Dr. Hamill, and JLM, and (4) Petitioner has failed to show either that some objective external factor impeded his ability to comply with the relevant procedural rule, or that a fundamental miscarriage of justice will result from no federal review of his "other bad acts/uncharged crime(s)" claim. (Report-Recommendation at Part II.C., attached at Dkt. No. 38, at 11-15.)

Magistrate Judge Lowe recommends dismissal of Petitioner's third claim because (1) appellate counsel had no reason to argue for the inclusion of an element in the jury charge that was not required under the penal law, and (2) the Appellate Division did not act contrary to or unreasonably apply Supreme Court precedent in rejecting Petitioner's claim. (Report-

Recommendation at Part II.D., attached at Dkt. No. 38 at 15-18.)

In his Objections to Magistrate Judge Lowe's Report-Recommendation, Petitioner argues that Magistrate Judge Lowe incorrectly applied the applicable law to his claims. (Dkt. No. 40.) More specifically, Petitioner advances the following three arguments.

First, with regard to his claim that the evidence at trial was insufficient to support his conviction, Petitioner argues that the victims failed to provide detailed accounts of the abuse, and that they were "given answers" by the prosecution. (Dkt. No. 40, at 1-2.)

Second, with regard to this same claim, Petitioner argues that, to convict someone of endangering the welfare of a child under New York Penal Law § 260.10, corroboration is required. (Dkt. No. 40, at 2-3.) Petitioner argues that, in his case, "[n]ot one victim heard [any] alleged threats made to the others, thought [sic] they were suppose[d] to be in the same room." (Dkt. No. 40, at 2.)

Third, with regard to his claim that the prosecutor improperly introduced evidence at trial of Petitioner's prior bad acts, Petitioner argues that he properly exhausted his remedies regarding "other bad acts/uncharged crime(s)", and therefore preserved this claim for habeas review. (Dkt. No. 40, at 3-4.) In particular, Petitioner argues that, because he referenced the *Molineux* hearing in his appeal to the Appellate Division, in which the trial court determined that only Petitioner's prior bad act against one victim (who testified at Petitioner's trial regarding a crime Petitioner was charged with under the indictment) was admissible, any claims relating to Petitioner's prior bad acts were preserved for habeas review. (*Id*.)

For the sake of brevity, the Court will assume that Petitioner has made sufficiently specific objections to two of the recommendations in Magistrate Judge Lowe's Report-Recommendation, and will therefore subject those parts of the Report-Recommendation to a *de*

*novo* review.[3]

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation and Plaintiff's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge Lowe, and rejects each of Plaintiff's Objections thereto. (Dkt. Nos. 38, 40.) Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 38.) As a result, the Court accepts and adopts Magistrate Judge Lowe's Report-Recommendation in its entirety for the reasons stated therein. The Court would add only four points.

First, with regard to Petitioner's claim that the evidence at trial was insufficient to support his conviction, for the reasons stated in Magistrate Judge Lowe's Report-Recommendation, the testimony of the victims was sufficient to establish Petitioner's guilt beyond a reasonable doubt. As a result, Petitioner's sufficiency of the evidence claim must be dismissed.

Second, with regard to Petitioner's claim that corroboration is required to convict someone of endangering the welfare of a child under New York Penal Law § 260.10, this claim is without merit because, contrary to Petitioner's assertion, New York Penal Law § 260.10 does

[3] In his Objections, Petitioner fails to make any challenge to Magistrate Judge Lowe's recommendation regarding Petitioner's claim that appellate counsel was ineffective. As a result, Magistrate Judge Lowe's recommendation regarding this claim is reviewed only for clear error. After carefully reviewing all of the papers herein, including Magistrate Judge Lowe's thorough Report-Recommendation, the Court agrees with Magistrate Judge Lowe's recommendation regarding Petitioner's ineffective assistance claim. Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. As a result, the Court accepts and adopts Magistrate Judge Lowe's Report-Recommendation regarding Petitioner's ineffective assistance claim for the reasons stated therein. The Court notes that this portion of the Report-Recommendation would survive even a *de novo* review.

not require corroboration.[4] As a result, this claim must be dismissed.

Third, with regard to Petitioner's claim that prior bad acts were improperly introduced at trial, as an initial matter, in his objections, Petitioner fails to provide the Court with specific reference in the trial record where his prior bad acts were mentioned. However, even assuming that Petitioner's prior bad acts were improperly mentioned, Petitioner's argument that he exhausted his prior bad acts claim in its entirety based on the fact that he made the Appellate Division aware of the trial court's *Molineux* hearing ruling is without merit. This is because Petitioner has failed to indicate where in the record his trial counsel made objections to the prosecution's introduction of Petitioner's prior bad acts, and "[t]he contemporaneous objection rule, codified as N.Y. Crim. Proc. L. § 470.05(2), requires that in order to preserve a claim for

---

[4] *See New York v. Davis*, 45 A.D.3d 1351, 1351-52 (N.Y. App. Div., 4th Dept. 2007) (where defendant was "convict[ed] of, *inter alia*, four counts each of rape in the second degree [Penal Law § 130.30(1)] and incest in the third degree [§ 255.25], five counts of endangering the welfare of a child [§ 260.10(1)], and one count of sexual abuse in the second degree [§ 130.60(2)]," the court noted that, "[c]ontrary to defendant's . . . contention, the People were not required to corroborate the victim's sworn testimony. The victim is deemed incapable of consenting to defendant's sexual conduct based on her age, not on mental defect or incapacity"); *New York v. Taylor*, 124 A.D.2d 1002, 1002 (N.Y. App. Div., 4th Dept. 1986) (finding that, where defendant was convicted of "three counts of first degree sodomy [Penal Law § 130.50(1)] and one count of endangering the welfare of a child [Penal Law § 260.10(1)], defendant's . . . claim[] . . . that the evidence was insufficient because the testimony of the victims was not corroborated . . . [ha]s no merit . . . . Corroboration was not required because the convictions were based upon defendant's forcible compulsion and not upon the circumstance that the victims' lack of consent resulted from incapacity to consent because of their ages."); *New York v. Tardbania*, 130 A.D.2d 954, 955 (N.Y. App. Div., 4th Dept. 1987) (where defendant was charged with sodomy in first degree, first-degree rape, sexual abuse in first degree, and endangering welfare of child, the trial court's holding that "corroboration was not required" to sustain a charge of endangering welfare of child was correct "since the proof on the child endangerment charge did not establish acts within Penal Law article 130 [see, Penal Law § 260.11]. Moreover, forcible compulsion was not required to be shown by the prosecution to establish defendant's guilt of child endangerment [Penal Law § 260.10]. In any case, forcible compulsion was amply demonstrated by the girl's testimony that she was frightened of defendant and by the threat implicit in defendant's making sexual advances towards her in the confines of his car at 3:30 in the morning.").

appeal, a defendant must make his objection known at trial, so as to give the trial court the opportunity to remedy its own errors." *Dann v. Rabideau*, 05-CV-0969, 2008 WL 2704900, at *8 (N.D.N.Y. July 7, 2008) (Kahn, J) (noting that "[t]he Second Circuit Court of Appeals has observed and deferred to New York's consistent application of its contemporaneous objection rules").[5]

Fourth, and finally, to the extent that Petitioner argues that his trial counsel's failure to object to the introduction of evidence of prior bad acts constitutes an objective external factor that impeded his ability to comply with the relevant procedural rule, this argument cannot be considered by the Court. As an initial matter, Petitioner raises this claim for the first time in his Objections. As a result, the claim cannot be considered.[6] In any event, even if the Court were willing to overlook the fact that this claim is raised for this first time in Petitioner's objections (which it is not), Petitioner's attempt to assert an ineffective assistance of trial counsel claim is procedurally barred, and there is no good cause for the default. This Court may review procedurally defaulted claims only if Petitioner demonstrates either (1) good cause for the default and actual resulting prejudice, or (2) that the denial of habeas relief would leave

---

[5] Instead, Petitioner actually concedes in his Objections that "Appellate Counsel may not have been able to refer directly to the instances on the record[] because trial counsel failed to object to them. Not preserving them for appellate review, showing that a[n] objective external factor impeded [his] ability to comply with the relevant procedur[al] rule." (Dkt. No. 40, at 4.)

[6] *Davis v. Herbert*, 00-CV-6691, 2008 WL 495316, at *1 (S.D.N.Y. Feb. 25, 2008) ("[U]pon review of a habeas petitioner's objections to a magistrate judge's report and recommendation, the Court may not consider claims raised for the first time in the petitioner's objections-that is, claims not asserted in the petitioner's original and/or supplemental habeas petitions.") (collecting cases); *Steven B.J. v. Carpinello*, 06-CV-1220, 2008 WL 2600678, at *2 (S.D.N.Y. June 27, 2008).

unremedied a "fundamental miscarriage of justice," i.e., that he is actually innocent.[7] To establish cause, a petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule, such as governmental interference or the reasonable unavailability of the factual basis for the claim.[8] If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Murray*, 477 U.S. at 496; *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

The ineffectiveness of trial counsel for not raising or preserving a claim in state court will be sufficient to show cause for a procedural default only when counsel was so ineffective that the representation violated the petitioner's Sixth Amendment right to counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). While a claim of ineffective assistance of counsel may establish cause, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). Moreover, an ineffective assistance of counsel claim asserted as cause for another procedurally defaulted claim "can itself be procedurally defaulted." *Edwards*, 529 U.S. at 452-53.

Here, Petitioner cannot establish cause regarding his argument in support of his prior bad

---

[7] *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748-750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Sweet*, 353 F.3d at 141-42; *Fama v. Comm'r of Corr. Srvcs*., 235 F.3d 804, 809 (2d Cir. 2000). The Court notes that at no point in any of his papers has Petitioner alleged that he is actually innocent.

[8] *Coleman*, 501 U.S. at 753 (citing *Murray*, 477 U.S. at 488); *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999).

acts challenge–that his trial counsel was ineffective in failing to object to the introduction of prior bad acts–because that argument was available to him at the time of his conviction and his direct appeal. Because this Court cannot consider claims raised for the first time in federal court (absent a showing of cause), Petitioner's ineffective assistance of trial counsel claim is procedurally defaulted. Moreover, Petitioner has failed to establish cause as to why he failed to raise an ineffective assistance of trial counsel claim before the Appellate Court. Because the Court may not consider Petitioner's ineffective assistance of trial counsel claim, that claim may not act as cause for Petitioner's failure to exhaust his prior bad acts claim. As a result, Petitioner has failed to demonstrate cause for failing to exhaust his prior bad acts claim.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 38) is **ACCEPTED** and **ADOPTED in its entirety**; and it is further

**ORDERED** that the Amended Petition (Dkt. No. 24) in this matter is **DENIED** and **DISMISSED in its entirety**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Amended Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: October 7, 2009
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge